UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 24-cv-569-pp

NAHDIKA BERRY,

    Defendant.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 4) AND DISMISSING CASE**

---

On May 8, 2024, the plaintiff filed a complaint alleging that the defendant had defaulted on her federal student loans. Dkt. No. 1. At some point between May 8 and July 24, 2024, the defendant executed a waiver of service; the plaintiff filed that waiver with the court on July 24, 2024. Dkt. No. 3. In the four months since the plaintiff filed the waiver of service, the court has received nothing from the defendant. On September 19, 2024, the plaintiff filed a combined request for entry of default and judgment and a supporting declaration. Dkt. Nos. 4, 5. The clerk entered default on the same day.

Although the plaintiff's filing is procedurally improper, the court will grant the plaintiff's request and enter default judgment against the defendant.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on

1

the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff's counsel filed a declaration in support of the request for default and motion for default judgment. Dkt. No. 5. The declaration did not explain when the plaintiff sent the defendant the Notice of a Lawsuit and Request to Waive Service of a Summons or how. However, the plaintiff attached to the complaint a copy of the Notice of a Lawsuit and Request to Waive Service of a Summons, which certified that the plaintiff's counsel had sent it to the defendant on May 8, 2024. Dkt. No. 3 at 3. The notice advised the defendant that to avoid expenses, the defendant must return the signed waiver within thirty (30) days from the date at the bottom of the Notice (May 8, 2024). Id. That comports with Fed. R. Civ. P. 4(d)(1)(F), which requires a plaintiff to "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." The notice advised the defendant that if she executed the waiver, the plaintiff would file the executed waiver on the docket and the defendant would have sixty (60) days to answer the complaint. Id.

Thirty days from May 8, 2024 was June 7, 2024. The affidavit from the plaintiff's counsel avers that "[o]n July 24, 2024, the defendant's waiver of service was returned and filed on the docket." Dkt. No. 5 at ¶3. It appears, then, that the defendant returned the executed waiver of service form well over thirty days after the date on the notice, and thus that the waiver was not timely

filed. Nonetheless, the plaintiff filed the Waiver of the Service of Summons with the court. Dkt. No. 3 at 1.

The Notice of a Lawsuit and Request to Waive Service of a Summons advised the defendant that if she returned the signed waiver, the plaintiff's counsel would file it with the court and the case "will then proceed as if you had been served on the date the waiver is filed . . . ." Id. at 3. That comports with Fed. R. Civ. P. 4(d)(4), which states that when a plaintiff files an executed waiver with the court, the summons and complaint are considered to have been served at the time of the filing of the waiver. The waiver was not filed by the plaintiff's counsel until July 24, 2024. Dkt. No. 3. That means that the defendant was "served" on July 24, 2024.

The Notice of a Lawsuit and Request to Waive Service of a Summons also advised the defendant that she would have sixty (60) days from the date the notice was sent—May 8, 2024—by which to answer the complaint. Id. at 3. Fed. R. Civ. P. 12(a)(1)(A)(ii) says that if a defendant has *timely* waived service under Fed. R. Civ. P. 4(d), a defendant must answer "within 60 days after the request for a waiver was sent . . . ." The court has noted that the defendant did not timely waive service, but the plaintiff appears to have elected to ignore that fact.

The Waiver of the Service of Summons appears to have been signed by the defendant. In signing the form, the defendant acknowledged that if she did not file and serve an answer or a motion under Rule 12 with 60 days from May 8, 2024, "a default judgment [would] be entered against [her] . . . ." Id. Sixty

3

days from the date the notice was sent was July 7, 2024. But only defendants who "timely" return a waiver receive an extended sixty days to respond to the complaint; the defendant did not return the waiver form within the time requested by the plaintiff, so she could not take advantage of the extended time to answer. Fed. R. Civ. P. 4(d)(3), 12(a)(1)(A)(ii). That means the defendant had twenty-one days from the July 24, 2024 date of service—that is, until August 14, 2024—to respond to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). As of the date of this order, the defendant has not answered or otherwise responded to the complaint.

The court is satisfied that the plaintiff notified the defendant of the lawsuit and that the defendant waived service. The clerk properly entered default against the defendant on September 19, 2024, well over twenty-one days after the plaintiff filed the executed waiver of service.

## II. Plaintiff's Request for Entry of Default and Judgment

Once the clerk has entered default, Rule 55(b) states that a party "must apply to the court for a default judgment." When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)).

4

A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The plaintiff did not file a separate motion for default judgment. Instead, the plaintiff filed a combined "Request for Entry of Default and Judgment." Dkt. No. 4. Because the plaintiff did not file a separate motion, the court was not alerted through the Case Management/Electronic Case Filing system that the plaintiff was seeking action from the court. In future, the plaintiff must file two separate documents—a request for entry of default (directed to the Clerk of Court) and a motion for default judgment (directed to the court). In this case alone, the court will construe the combined document as a motion for default judgment.

According to the certificate of indebtedness attached to the complaint, beginning in 2010, the defendant participated in the Nursing Education Loan Repayment Program; in exchange for student loan repayment assistance, she agreed to work full-time as a registered nurse for two consecutive years at a health care facility that the Secretary of Health and Human Services designated

5

as having a critical shortage of nurses. Dkt. No. 1-1 at 1. The certificate of indebtedness recounts that the plaintiff worked for only 238 of the required 730 days at an approved facility, during which time she received loan repayment funds totaling $11,325.83. Id. The certificate states that the defendant had three years from the date she defaulted on her service obligation to repay the funds; it asserts that she has not done so, despite multiple attempts by the government to establish a repayment agreement. Id. at 2. The government sent the defendant a final notice on March 14, 2024, informing her that it would initiate litigation if she did not repay the funds within thirty days. Id. The defendant did not do so, and the Department of Health and Human Services referred her file to the Justice Department to enforce collection. Id.

Although the Seventh Circuit has not articulated a standard for recovering debt incurred under a federal student loan, courts in this circuit have applied the standard adopted by the Fifth and Sixth Circuits. United States v. Romero, Case No. 15 C 5607, 2017 WL 61025 (N.D. Ill. Jan. 5, 2017) (citing United States v. Petroff–Kline, 557 F.3d 285, 290 (6th Cir. 2009); United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)); United States v. Swanson, Case No. 13 C 3123, 2015 WL 222366, at *1 (N.D. Ill. Jan. 14, 2015) (same); United States v. Tartt, Case No. 12 C 1416, 2013 WL 2151543, at *3 (N.D. Ill. May 16, 2013) (same). Under that standard, the government must show that the defendant is a party to a promissory note, that the government is the present owner or holder of the note and that the note is in default. Lawrence, 276 F.3d at 197. "A sworn Certificate of Indebtedness . . . suffices to

6

make out a *prima facie* case that the note is in default." Swanson, 2015 WL 222366, at *1 (citing Petroff-Kline, 557 F.3d at 290). The burden then shifts to the defendant to prove "the nonexistence, extinguishment or variance in payment of the obligation." Petroff-Kline, 557 F.3d at 290.

The plaintiff attached to the complaint a sworn certificate of indebtedness. Dkt. No. 1-1. The certificate avers that, as part of the Nursing Education Loan Repayment Program, loan funds totaling $11,325.83 were paid to the defendant by the federal government under a contract between the defendant and the Department of Health and Human Services. Id. at 1. The certificate avers that the defendant did not complete the required two years of service under her contract and did not return the loan funds within the three-year deadline set by the contract in the event of breach. Id. at 1–2. The certificate is signed under penalty of perjury. Id. at 2. The sworn certificate is sufficient to establish that the defendant has defaulted on her debt owed to the government.

The burden then shifts to the defendant to contest the debt. The defendant has not appeared, has not responded[1] and has not offered any arguments or evidence of "nonexistence, extinguishment or variance in payment" of her debt. Because the defendant has not answered or contested the debt, the court must grant default judgment in favor of the plaintiff.

---

[1] The plaintiff filed a certificate of service attesting that on September 19, 2024, it mailed the request for entry of default and default judgment to the defendant. Dkt. No. 4-3.

**III. Conclusion**

The court **CONSTRUES** the plaintiff's request for entry of judgment as a motion for default judgment and **GRANTS** the motion. Dkt. No. 4.

The court **ORDERS** that the clerk must enter default judgment in favor of the plaintiff and against the defendant in the amount of $11,325.83 plus interest of $8,719.15 accrued through March 14, 2024 with additional interest accruing thereafter and to the date of entry of judgment at the annual rate of 10.87%. Interest will be compounded annually, and post-judgment interest will be charged on the principal amount at the annual rate of 4.08%.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**